IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TARRANCE LAMAR FOSTER                                        PLAINTIFF

v.                              Civil No. 5:21-cv-05147

SHERIFF TIM HELDER, Washington
County, Arkansas; LIEUTENANT MIKE
ARNOLD; SERGEANT COLTON BEAVERS;
CORPORAL ROBERT BABIONE; CORPORAL
ROBERT RAINES; OFFICER NICHOLAS
SCHMITT                                                      DEFENDANTS

## REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff, Tarrance Lamar Foster, proceeds in this matter *pro se* and *in forma pauperis*. (ECF No. 1, 9). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Defendants' Motion to Dismiss which was filed on February 9, 2022. (ECF No. 17). Defendants' Motion seeking dismissal is premised on the fact that they have been unable to affect service of correspondence and pleadings upon Plaintiff – with the mail being returned marked "Return to Sender – Not at Facility." (ECF No. 19).

The Court directed Plaintiff to respond to the Motion by March 3, 2022. (ECF No. 20). The Court's text only Order further stated: "Plaintiff is advised that failure to timely and properly comply with this Order shall result in the dismissal of this action, without prejudice, pursuant to Local Rule 5.5(c)(2). *Id*.

Plaintiff did not file a response to the Defendants' Motion to Dismiss as required by the Court Order. Further, on March 7, 2022, the Court received returned mail addressed to the Plaintiff. The returned mail is marked "Return to Sender Not at Facility." (ECF No. 23). The Court has no new address for the Plaintiff.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey an Order of the Court and has failed to prosecute this matter. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), it is recommended that Defendants' Motion to Dismiss (ECF No. 17) be **GRANTED** and that Plaintiff's Complaint in this case be **DISMISSED WITHOUT PREJUDICE.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

IT IS SO ORDERED this 7th day of March 2022.

                                        */s/ Christy Comstock*
                                        CHRISTY COMSTOCK
                                        UNITED STATES MAGISTRATE JUDGE